UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY G. PHILPOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01789-SEB-DML |
| | ) | |
| WKMS/MURRAY STATE UNIVERSITY, WKMS, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 32], filed on March 27, 2015. For the reasons detailed below, we hereby **GRANT** Defendant's motion.

**Factual and Procedural Background**

Plaintiff Larry G. Philpot is a professional photographer specializing in the photography of musicians and concerts. On October 4, 2009, Philpot took a photograph of Willie Nelson at a concert in St. Louis, MO. Thereafter, he published the image on Wikipedia and agreed to make the image generally available through Wikimedia for distribution, public display, and public digital performance under a "Creative Commons Attribution 2.0 Generic License." Under the license, a licensee of the photograph is required to reference the license with every copy of the photograph and to provide the following attribution: "Photo by Larry Philpot, www.soundstagephotography.com."

1

Philpot claims that in 2014 Defendant posted the photograph of Willie Nelson to its website (www.wkms.org) and its Facebook page without authorization or attribution.

On October 31, 2014, Philpot filed a complaint for copyright infringement against "WKMS/ Murray State University." Dkt. 1. On November 24, 2014, Murray State University ("the University") filed a motion to dismiss, arguing: (1) that Philpot's claims were barred by the Eleventh Amendment, (2) that this Court did not have personal jurisdiction over the defendant, (3) that venue was improper, and (4) that the University was never properly served with process. See Dkt. 4. Philpot initially opposed the motion, see dkts. 7, 8, but before the Court could make a ruling, he moved for leave to file an amended complaint. Dkt. 10. Philpot's proposed amended complaint sought to eliminate the University as a defendant while retaining WKMS (the radio station owned and operated by the University) as a defendant and sought to add a host of new parties, including: The Public Broadcasting Service (PBS), WNET, Thirteen Productions, LLC, PBS American Masters, the Public Radio Exchange, National Public Radio, WUIS, WMNF, KUT, and "DOES 1-60." The Court denied Philpot's motion because his proposed amended complaint contained no new allegations that would obviate the grounds on which the pending motion to dismiss relied and because it failed to address the immunity, venue, and personal jurisdiction issues raised by the University. Dkt. 12. The addition of the proposed parties was also denied for reasons of misjoinder. *Id.*

On February 13, 2015, Philpot again moved for leave to file an amended complaint. Dkt. 16. Philpot's proposed Second Amended Complaint sought relief against

2

only WKMS and contained allegations that the radio station is an entity that may be sued independently of the University, stripping it of any Eleventh Amendment sovereign immunity. The proposed Second Amended Complaint also contained allegations that the radio station had sufficient contacts within this district to grant the court personal jurisdiction over it and to make venue proper here. Given that the proposed complaint contained allegations relevant to venue and personal jurisdiction as well as a new Eleventh Amendment analysis not addressed in the pending motion to dismiss, the Court granted Philpot's motion, adopted his proposed Second Amended Complaint, and denied the pending motion to dismiss as moot. Dkt. 22.

On March 27, 2015, Defendant filed its current Motion to Dismiss arguing: (1) that WKMS is wholly owned and operated by the University, and is therefore entitled to the protections of sovereign immunity under the Eleventh Amendment, (2) that this Court lacks personal jurisdiction over WKMS and the University, and (3) that Plaintiff failed to bring this action in the proper venue. See Dkt. 33.

Because a challenge to subject matter jurisdiction presents a threshold question about our power to act at all, we first address Defendant's claim of Eleventh Amendment immunity from suit. *Baker v. Kingsley,* 387 F.3d 649, 656 (7th Cir.2004); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000) (holding that subject-matter jurisdiction should generally be considered before personal jurisdiction.)

3

## Legal Standard[1]

Rule 12 (b)(1) authorizes dismissal of complaints that assert no actionable claim falling within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), we "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," yet, if necessary, we may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir.2007) (internal quotations and citation omitted). A federal court must assure itself that it has jurisdiction over the subject matter of a case before it can proceed to take any action on the merits. *See Warth v. Seldin,* 422 U.S. 490, 498 (1975) ("[T]he threshold question in every federal case [is] determining the power of the court to entertain the suit."); *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 (3d Cir.2006) ("At issue in a Rule 12(b)(1) motion is the court's very power to hear the case."). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *Sprint Spectrum, L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004). A court must

---

[1] Defendant's request for dismissal on grounds of sovereign immunity falls under the auspices of Rule 12(b)(1) rather than Rule 12(b)(6) because "the sovereign immunity doctrine found in the Eleventh Amendment acts as a jurisdictional bar to suit in federal court." *Gorka by Gorka v. Sullivan,* 82 F.3d 772 (7th Cir.1996); *see also United States v. Willis*, 2001 WL 260049, at *1 (N.D. Ind. Jan. 24, 2001) ("Since jurisdiction turns upon the government's consent to be sued, sovereign immunity is properly raised in a Rule 12(b)(1) motion to dismiss.").

dismiss an action without reaching the merits if it concludes there is no jurisdiction. *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993).

## Discussion

The Eleventh Amendment to the Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Through the judicial doctrine of sovereign immunity, the Supreme Court has broadened the amendment's language in some respects and narrowed it in others. *See Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299 (1990). Today, Eleventh Amendment issues arise whenever a private party files a federal lawsuit against a state, a state agency, or a state official. The effect of the amendment may differ, however, depending on the category of defendant. *Brunken v. Lance,* 807 F.2d 1325, 1328–29 (7th Cir. 1986).

Private party suits against a state are easy to identify and the analysis is relatively straightforward. Put simply, a state may claim immunity from suit in federal court and must be dismissed from the litigation unless there exists one of the well-established exceptions to its immunity. *Alabama v. Pugh,* 438 U.S. 781 (1978) (per curiam). For purposes of the Eleventh Amendment, state agencies are considered "arms of the state" and treated the same as the State itself with regard to immunity. *Davidson v. Board of Govs.,* 920 F.2d 441, 442 (7th Cir. 1990). The only new issue arising in private party suits

against a state agency, rather than the State itself, is whether the particular defendant is in fact an arm of the state entitled to immunity. K*ashani v. Purdue Univ.,* 813 F.2d 843, 845 (7th Cir. 1987).

The vast majority of cases have found that state universities are state agencies forfended by the Eleventh Amendment. *E.g., Kashani*, 813 F.2d 843, 845 (7th Cir. 1987) (collecting cases). Specifically, courts have held that "[p]ublic universities in Kentucky and their directors are state agencies and officials for Eleventh Amendment purposes." *Jackson v. Murray State Univ.*, 834 F. Supp. 2d 609, 613 (W.D. Ky. 2011). It is undisputed in this case that Murray State University is a state agency entitled to sovereign immunity under the Eleventh Amendment. *See Bleid Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 976 F. Supp. 2d 911, 914 (E.D. Ky. 2013) ("MSU is a public university and is immune from suit under the Eleventh Amendment."); Dkt. 34 at 1 ("Plaintiff will stipulate that Murray State University, by case law, is protected under the Eleventh Amendment.").

However, in his attempt to remedy the deficiencies prompting the University's original motion to dismiss his claims, Plaintiff amended his complaint to remove the University as a defendant to allege that WKMS is "its own entity, not entitled to sovereign immunity as is MSU." Am. Compl. ¶¶ 6, 18. As a result, we must determine whether WKMS is an arm of the state entitled to Eleventh Amendment immunity.

As the party asserting jurisdiction, Plaintiff bears the burden of demonstrating subject matter jurisdiction by competent proof. *Sprint Spectrum, L.P. v. City of Carmel,*

*Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004). In support of his claim, Philpot has offered certain unauthenticated materials discussing provisions of the Internal Revenue Service and the Social Security Administration that deal with the taxable status and insurance requirements of state and nonprofit organizations.[2] See Dkts. 34-6, 34-7. This evidence, however, does not speak to WKMS's entitlement to sovereign immunity. In *Edelman v. Jordan,* 415 U.S. 651 (1974), the Supreme Court held that the Eleventh Amendment bars a suit "by private parties seeking to impose a liability which must be paid from public funds in the state treasury," reasoning that if the damage award is to be paid by the State, the State is the real party in interest, even if it is not a named party. 415 U.S. at 663. Thus, when deciding whether a defendant may invoke the State's immunity, we inquire into the relationship between the State and the entity in question, specifically considering "the extent of the entity's financial autonomy from the state." *Kashani,* 813. F.2d 843, 845 (7th Cir. 1987) (holding that Purdue University was an arm of the state when it received slightly over 36% if its income from state appropriations).

Here, the evidence is convincing and clear that WKMS is both financially and operationally dependent on the University and its Board of Regents, which, as we have already established, is considered the Commonwealth of Kentucky for purposes of Eleventh Amendment immunity. *See Jackson v. Murray State Univ.*, 834 F. Supp. 2d

---

[2] More precisely, Plaintiff has designated as evidence what appears to be a 1996 article discussing IRS tax exemptions for "State Institutions-Instrumentalities" including fire departments, public libraries, hospital district, state colleges, and port authorities, dkt. 34-6, and screen shots from the Social Security Administration's website containing what appears to be training materials on "How to Determine An Entity's Legal Status," dkt. 34-7. We need not engage in any analysis as to these attachments' authenticity or the veracity of their contents given that federal regulations concerning taxation and insurance have no bearing on whether an entity is entitled to sovereign immunity.

609, 613 (W.D. Ky. 2011). "The Station is located on the campus of Murray State University (University). WKMS broadcasts National Public Radio and local programs that inform, enrich and entertain in concert with the mission of the University." Dkt. 34-3 at 5. The University's Board of Regents holds the FCC license for WKMS-FM. Dkt. 33-1. The manager of WKMS reports directly to the University's Vice-President of Institutional Advancement, who ultimately reports to the University's Board of Regents. Dkts. 33-2, 33-3. The Station's "Notes to Financial Statements" states that "WKMS-FM Radio (the Station) is operated by and receives support from Murray State University (the University). The Station is included in the financial statements of the University." See Dkt. 34-4. Moreover, the Independent Auditor's Report offered by Plaintiff reveals that the station received $582,074 in general appropriations from the University in 2009, "which [was] the largest source of cash for the fiscal year." Dkt. 34-3 at 5. Likewise, the financial statements provided for 2011 indicate that of the $1,078,274 in nonoperating revenue, $416,097 came from Murray State University general appropriations and another $241,202 came from donated facilities and administrative support from the University. Dkt. 34-8. This type of financial dependence is paradigmatic of a state entity. The fact that WKMS also generates revenue from underwriting and other activities certainly does not strip the station of this dependence or of its immunity. *See Kashani*, 813 F.2d at 845 (finding that Purdue earned income from sources beyond state appropriations, including: "auxiliary enterprises (17%); student fees (16%); gifts, grants, and contracts (13%); sales and services (7%); student aid (4%); federal appropriations (3%); organized activities (2%); endowment income (.1%)").

Based on this evidence, it is clear that the Murray State University Board of Regents and the Commonwealth of Kentucky remain the real parties in interest to this action notwithstanding Plaintiff's amendments in his Second Amended Complaint.[3] We therefore lack subject matter jurisdiction over this case given that none of the exceptions to the state's sovereign immunity apply here. *See Philpot v. WUIS/University of Illinois Springfield*, 2015 WL 5037551 (Aug. 25, 2015) (dismissing for lack of jurisdiction).

## Conclusion

For the reasons stated herein, we **GRANT** Defendant's Motion to Dismiss [Docket No. 32]. This case is **DISMISSED**. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 3/30/2015          _Sarah Evans Barker_
                         SARAH EVANS BARKER, JUDGE
                         United States District Court
                         Southern District of Indiana

---

[3] We note that universities across the country own and operate licensed radio stations much like WKMS and those universities and their corresponding directors are uniformly named as the appropriate defendants to suits concerning their respective stations. *See e.g., Holliday v. WSIE 88.7 FM Radio Station,* 2005 WL 3312633, at *1 (S.D. Ill. Dec. 7, 2005) (WSIE University of Southern Illinois); *Aldrich v. Knab,* 858 F. Supp. 1480, 1501 (W.D. Wash. 1994) (KCMU University of Washington); *Mills v. Steger,* 64 F. App'x 864, 867 (4th Cir. 2003) (WVTF Virginia Tech); *Knights of Ku Klux Klan v. Curators of Univ. of Missouri,* 203 F.3d 1085 (8th Cir. 2000) (KWMU University of Missouri St. Louis); *Thomson v. Olson,* 866 F. Supp. 1267, 1269 (D.N.D. 1994) aff'd, 56 F.3d 69 (8th Cir. 1995) (KFJM University of North Dakota); *Allain v. Bd. of Supervisors of Univ. of Louisiana Sys.,* 81 F. Supp. 3d 502 (W.D. La. 2015) (KEDM University Louisiana Monroe); *Miller v. Mearns,* 2016 WL 1017760, at *1 (6th Cir. Mar. 14, 2016) (WNKU Northern Kentucky University).

Distribution:

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236

Lisa C. DeJaco
WYATT TARRANT & COMBS (Lousiville)
ldejaco@wyattfirm.com

Jason Andrew Lopp
WYATT TARRANT COMBS LLP
jlopp@wyattfirm.com